IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROTH GRADING, INC., d/b/a IMPACT ROLLER TECHNOLOGY, a Nebraska Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:04CV632 |
| vs. | ) ) | ORDER |
| TESTA CORP., a Massachusetts Corporation, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Take Depositions by Telephone (Filing No. 28) and the plaintiff's Motion for Additional Telephone Deposition (Filing No. 29). In response to the plaintiff's motions, the defendant filed a Motion for Protective Order (Filing No. 32). The defendant filed a brief (Filing No. 33) and an index of evidence (Filing No. 34) in support of its motion. The plaintiff then filed a reply brief (Filing No. 35).[1] Finally, the defendant filed a reply brief (Filing No. 36).

## BACKGROUND

The following facts are alleged in the plaintiff's amended complaint. See Filing No. 25. The plaintiff sells a patented item of construction equipment called the "Impactor," which is used for breaking pavement and performing soil compaction. After negotiations between the parties, the plaintiff sent a quote for purchase of an Impactor 3000 to the defendant. The defendant agreed to purchase the Impactor and requested that it be delivered to a job site in Tampa, Florida. In August 2004, the plaintiff delivered the Impactor and trained the defendant in its use. On August 25, 2004, the plaintiff sent an invoice, for the Impactor, which noted payment was due in ten days. Subsequently, the defendant notified the plaintiff it was having financial difficulties, but payment was

---

[1] The plaintiff contends the defendant did not timely respond to the plaintiff's motions. However, the court will deem the defendant's motion as a response and such response is timely pursuant to Fed. R. Civ. P. 6 and NECivR 6.1(b) and (c); 7.1(b)(1)(B).

forthcoming. On October 6, 2004, the defendant told the plaintiff that a partial payment was being sent. On November 3, 2004, the defendant sent a letter stating it could not purchase the Impactor, which was "unproven technology." Based on these allegations, the plaintiff filed a claim for breach of contract. In response, the defendant alleges many affirmative defenses and filed a counterclaim for breach of express and/or implied warranties and fraudulent and/or negligent misrepresentation. **See** Filing No. 26. As part of the counterclaim, the defendant requests an order requiring the plaintiff to retrieve the Impactor from a storage location in Massachusetts, at the plaintiff's expense.

Currently, the plaintiff seeks to take three depositions telephonically, pursuant to Fed. R. Civ. P. 30(b)(7). The proposed deponents are Brad Tanzer, Brad Kennerson and the defendant pursuant to Fed. R. Civ. P. 30(b)(6). The deponents are located in Florida, New Hampshire and Massachusetts, respectively. The plaintiff contends taking these depositions by telephone would facilitate an earlier completion of discovery and would save the expense of travel for both parties. Additionally, the plaintiff argues that based on the nature of the case, where there is no dispute that the defendant is in possession of the equipment, traveling for depositions is not economically justified. Finally, the plaintiff states the Rule 30(b)(6) deposition is likely to be brief.

The defendant opposes the taking of each of the telephone depositions. Initially, the defendant contends that it is the plaintiff's burden first to allege a legitimate reason, supported by evidence, for taking a deposition telephonically. The defendant argues the plaintiff failed its burden by failing to file any evidence in support of the two motions. However, the court finds the plaintiff has sufficiently alleged legitimate reasons supporting its requests for the telephonic depositions.[2]

The defendant alleges there are good reasons for taking the Rule 30(b)(6) deposition in Massachusetts. The defendant states that after this lawsuit was filed, it sought to have the case transferred to Massachusetts because of the number of witnesses

---

[2] The plaintiff states the plaintiff was relieved of the need for any evidence or a brief under the local rules. However, such statement misinterprets the local rules. NECivR 7.1(i) and 7.1(a) are not mutually exclusive, merely because a motion relates to discovery does not mean the motion does not raise a substantial issue of law or require an index of evidence. In any event, the court will not deem the plaintiff's motions abandoned for failure to comply with the local rules in this instance, particularly where the plaintiff filed a substantive reply brief.

2

and equipment located in the Boston area. The plaintiff opposed the motion to transfer, which was denied. **See** Filing No. 15. Accordingly, the defendant states a telephone deposition would be inappropriate. The defendant states there are several boxes full of documents including blueprints and photographs related to the job site in Florida, which may make any telephone deposition in this case difficult and potentially inaccurate. Along the same lines, the defendant is concerned that the witnesses may not be available for trial, which would exacerbate any document confusion which occurred during the deposition. Further, the defendant proposes making an inspection of certain equipment at the same time as the deposition, in Massachusetts. The defendant suggests that inspection of the equipment would facilitate settlement of this case, alternatively the condition of the equipment would be one of the main issues for trial. The defendant disputes the plaintiff's characterization of this case as "essentially a collection case" and asserts several defenses.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 30(b)(7), "[t]he parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means." "[L]eave to take telephonic depositions should be liberally granted in appropriate cases." ***Jahr v. IU Int'l Corp.***, 109 F.R.D. 429, 431 (M.D.N.C. 1986); **but see** ***U.S. v. Rock Springs Vista Dev.***, 185 F.R.D. 603, 603-04 (D. Nev. 1999) (comparing deposition of non-party witness to deposition of the plaintiff). Furthermore, "upon giving a legitimate reason for taking a deposition telephonically, the movant need not further show an extraordinary need for the deposition. Rather, the burden is on the opposing party to establish why the deposition should not be conducted telephonically." ***Jahr***, 109 F.R.D. at 431 (lack of face-to-face contact insufficient for denial). Here, the defendant must make a particularized showing of prejudice. ***Id.*** at 432.

Under Rule 26(c):

> Upon motion by a party . . . accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which

3

>justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>\* \* \*
>(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place[.]

A protective order related to discovery is granted only upon a showing of good cause. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. ***Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999). In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)); ***Miscellaneous Docket Matter***, 197 F.3d at 926. Thus, for good cause to exist, the party seeking protection must show that specific prejudice or harm will result if no protective order is granted. **See** ***Frideres v. Schiltz***, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." ***General Dynamics Corp. v. Selb Mfg. Co.***, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing** ***United States v. Kordel***, 397 U.S. 1, 4-5 (1970)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." ***Seattle Times Co. v. Rhinehart***, 467 U.S. 20, 36 (1984); ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 362 (8th Cir. 2003).

The court finds the defendant has failed to show good cause for preventing the plaintiff from deposing the defendant's Rule 30(b)(6) deponent by telephone. The court will not, based on the current motions, require the plaintiff to inspect the Impactor in Massachusetts at the time of the deposition. Further, with regard to this witness, the defendant, there is no concern about the failure to appear at trial to remedy any confusion caused by documents used during the telephone deposition.

4

The defendant has also failed to show sufficient justification for refusing depositions by telephone for Brad Tanzer and Brad Kennerson. The defendant does not allege prejudice, but merely reasons why in-person depositions might be more logical. Accordingly, the defendant has failed to meet its burden. It is unclear from the record before the court which, if any, of the documents relevant to the case will be discussed with these witnesses. Further, the plaintiff can take reasonable steps to insure the accuracy of any document review by, for example, having the deposition exhibits pre-marked and copied. In any event, the court will not preclude counsel for the defendant from attending the depositions in person. **See *Cressler v. Neuenschwander***, 170 F.R.D. 20, 21 (D. Kan. 1996) (denying a plaintiff's request to preclude the defendant from appearing in person at a telephonic deposition); **see also *Fireman's Fund Ins. Co. v. Zoufaly***, No. 93 Civ. 1890 (SWK), 1994 WL 583173, at *1 (S.D.N.Y. Oct. 21, 1994) ("[I]f the party seeking the deposition is prepared to conduct its portion without a face-to-face encounter with the witness, there is no reason not to permit it to do so, with any other party free to question the witness in person, thus avoiding any prejudice while reducing expenses."); ***Jahr v. IU Int'l Corp.***, 109 F.R.D. 429, 432 n.4 (M.D.N.C. 1986) (where plaintiff lacked financial resources and defendant was concerned about lack of face-to-face questioning, procedure by which plaintiff took deposition over the telephone and defendant appeared in person "would eliminate all of defendants [sic] concerns and still accommodate plaintiff's desires as well"). Therefore, the court may grant the plaintiff's requests while minimizing the negative impacts of a telephone deposition and the defendant's concerns. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Take Depositions by Telephone (Filing No. 28) and Motion for Additional Telephone Deposition (Filing No. 29) are granted.

2. The defendant's Motion for Protective Order (Filing No. 32) is denied.

DATED this 17th day of April, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge